## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DARYL ARMSTRONG, JR.,**

**Petitioner,**

**v.**                                    **CASE NO. 23-3141-JWL**

**DON LANGFORD,**

**Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Daryl Armstrong, Jr. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

**Background**

In July 2014, a jury in Saline County, Kansas convicted Petitioner of four counts of aggravated indecent liberties and two counts of aggravated sodomy, which are off-grid felonies, and one count each of indecent liberties and sodomy, which are on-grid felonies. (Doc. 1, p. 1.) He was sentenced in October 2014 to life in prison without the possibility of parole for 25 years for each of the six off-grid offenses plus a total of 98 months in prison for the on-grid offenses, to be served consecutively. *Id. See also State v. Armstrong*, 2016 WL 3960171, *1 (Kan. Ct. App. July 22, 2016) (unpublished), *rev. denied* Sept. 28, 2017. In July 2016, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and sentences. *Id.* at *6; (Doc. 1, p. 2). The Kansas Supreme Court (KSC) denied Petitioner's petition for review in September 2017. *Id.*

1

On July 13, 2018, Petitioner mailed to Saline County District Court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* at 4. Under the prison mailbox rule, the K.S.A. 60-1507 motion is therefore deemed filed as of that date. *See Wahl v. State*, 301 Kan. 610, 615 (2015) (explaining that under the prison mailbox rule in Kansas, a prisoner's pro se documents are deemed "'filed' when he or she submits them to prison authorities for mailing"); *United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019) (same in federal court). In September 2019, Petitioner sought leave of the state district court to supplement his motion and for appointment of counsel, but his motion was denied. *See* Online Records of Saline County District Court, case number 2018-CV-000148. The state district court then denied habeas relief and the KCOA affirmed the denial in an opinion issued February 18, 2022. *Armstrong v. State*, 2022 WL 496882, *1 (Kan. Ct. App. Feb. 18, 2022) (unpublished), *rev. denied* Oct. 28, 2022. The KSC denied Petitioner's petition for review in October 2022.

On June 19, 2023, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1, p. 20) His fee status is pending. (*See* Doc. 3.)

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256,

1259 (10th Cir. 2003).

In this matter, the KSC denied review in Petitioner's direct appeal on September 28, 2017. Because Petitioner did not file a petition for certiorari in the United States Supreme Court (Doc. 1, p. 4), his convictions became final the day after the time to file such a petition expired—on approximately December 28, 2017. At that time, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was December 28, 2018. *See Hurst*, 322 F.3d at 1260

The AEDPA also includes a tolling provision, however, that states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on July 13, 2018. The Tenth Circuit has explained that when statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The K.S.A. 60-1507 proceeding became final on October 28, 2022, when the KSC denied the petition for review. Thus, it was pending from July 13, 2018 through October 28, 2022, for a total of 1,569 days. When those days are added to the original one-year anniversary date of December 28, 2018, it gives the new filing deadline for this matter:   April 15, 2023. Yet Petitioner did not file this federal habeas petition until June 15, 2023.

The Court notes that Petitioner has addressed the timeliness of his § 2254 petition (Doc. 1,

p. 17), but Petitioner's calculations do not comply with the relevant federal law set forth above. In addition, to the extent that Petitioner refers to the Kansas Supreme Court suspending certain deadlines for filing in Kansas courts during the COVID-19 pandemic, Petitioner has not provided any legal authority for the implied proposition that such a suspension would affect federal deadlines for filing in federal courts. Petitioner also notes to the Court that on April 5, 2023, he filed a second K.S.A. 60-1507 motion in state court, which he asserts was still pending as of June 14, 2023 and which could possibly trigger the AEDPA's statutory tolling provision. *Id.*

In his petition, Petitioner provides no additional information about this second K.S.A. 60-1507 proceeding. In one of the many attachments to the petition, however, he refers to a K.S.A. 60-1507 motion filed under case number 2023-CV-66, which he states was dismissed on April 21, 2023. (Doc. 1-9, p. 5.) The public website for the KCOA does not indicate that any appeal from that dismissal has been docketed, though, so if this is the April 2023 K.S.A. 60-1507 action to which Petitioner refers in his petition, it does not appear to be currently pending. Thus, if Petitioner believes he is entitled to statutory tolling related to the April 2023 K.S.A. 60-1507 motion, he must provide this Court with the case number of that motion, the county in which it was filed, the current status of the case, and a general description of the issues raised therein. That way, this Court can better determine whether it is "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," as necessary to trigger statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

In addition to the statutory tolling provision, the AEDPA limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary

circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). However, "[s]imple excusable neglect is not sufficient." *Id.* (citation omitted).

There also is an exception to the AEDPA limitation period that applies in cases of actual innocence. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

Even liberally construing the petition, as is appropriate since Petitioner proceeds pro se, there is no indication that Petitioner wishes to seek equitable tolling or assert the actual innocence exception. Accordingly, this matter does not appear to have been timely filed and it is subject to dismissal unless Petitioner demonstrates grounds for additional statutory tolling—by, for example, further identifying and providing additional information about the second K.S.A. 60-1507 action— or equitable tolling or he establishes that the actual innocence exception to the time limitation

applies. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD THAT** Petitioner is granted until and including July 24, 2023, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 22nd day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge