IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARYL ARMSTRONG, JR.,

                Petitioner,

     v.                                            CASE NO. 23-3141-JWL

DON LANGFORD,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Daryl Armstrong, Jr. It comes before the Court on Petitioner's response (Doc. 5) to the Court's Notice and Order to Show Cause (NOSC) (Doc. 4) regarding the timeliness of this matter. Because the Court requires additional information to determine whether this matter is properly before the Court, it will allow Petitioner time to submit that information, which is discussed below. In addition, the Court will deny as moot Petitioner's motion to proceed in forma pauperis (Doc. 2) because it has now received the filing fee from Petitioner.

### Background

In July 2014, a jury in Saline County, Kansas convicted Petitioner of four counts of aggravated indecent liberties and two counts of aggravated sodomy, which are off-grid felonies, and one count each of indecent liberties and sodomy, which are on-grid felonies. (Doc. 1, p. 1.) He was sentenced in October 2014 to life in prison without the possibility of parole for 25 years for each of the six off-grid offenses plus a total of 98 months in prison for the on-grid offenses, to be served consecutively. *Id. See also State v. Armstrong*, 2016 WL 3960171, *1 (Kan. Ct. App. July 22, 2016) (unpublished), *rev. denied* Sept. 28, 2017. In July 2016, the Kansas Court of

Appeals (KCOA) affirmed Petitioner's convictions and sentences. *Id.* at *6; (Doc. 1, p. 2). The Kansas Supreme Court (KSC) denied Petitioner's petition for review in September 2017. *Id.*

On July 13, 2018, Petitioner filed a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* at 4. The state district court denied habeas relief and the KCOA affirmed the denial in an opinion issued February 18, 2022. *Armstrong v. State*, 2022 WL 496882, *1 (Kan. Ct. App. Feb. 18, 2022) (unpublished), *rev. denied* Oct. 28, 2022. The KSC denied Petitioner's petition for review in October 2022.

On June 19, 2023, Petitioner filed his pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 20.) The Court conducted the statutorily required preliminary review of the petition and concluded that it appeared that this matter was not filed within the applicable federal statute of limitations, as established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in 28 U.S.C. § 2244(d). Thus, on June 22, 2023, the Court issued a NOSC setting forth the applicable law, applying that law to the circumstances of this case, and directing Petitioner to show cause why this matter should not be dismissed as untimely filed. (Doc. 4.) Petitioner has filed his response to the NOSC. (Doc. 5.)

**Analysis**

The NOSC explained that that the petition in this matter appeared to have been due on or before April 15, 2023 but the petition was not filed until June 2023. (Doc. 4, p. 4.) The NOSC further noted, however, that there was limited reference in the petition to a second K.S.A. 60-1507 proceeding by Petitioner that might further toll that deadline. *Id.* at 5. In the response, Petitioner agrees that when the second K.S.A. 60-1507 proceeding is discounted, the filing deadline for his 28 U.S.C. § 2254 petition was April 15, 2023. (Doc. 5, p. 1.) He also provides further detail related to the second K.S.A. 60-1507 proceeding. *Id.* at 1-3.

Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Liberally construing the response to the NOSC, it appears that the second K.S.A. 60-1507 proceeding began on April 10, 2023, which was before the April 15, 2023 deadline for filing this § 2254 proceeding. As explained in the NOSC, that means that as long as the second K.S.A. 60-1507 motion was "properly filed" and related "to the pertinent judgment or claim" challenged in this federal habeas action, the filing of the K.S.A. 60-1507 motion paused the AEDPA statute of limitations.

At this point in these federal habeas proceedings, there is no indication before this Court that the second K.S.A. 60-1507 motion was not properly filed and all of the information before this Court supports the conclusion that the second K.S.A. 60-1507 motion was related to the pertinent judgment or claim being challenged in this federal habeas action. Accordingly, the Court concludes that for purposes of the statutorily required initial screening of this matter, the second K.S.A. 60-1507 proceeding has tolled, or paused, the AEDPA statute of limitations and this federal habeas petition was timely filed.

An additional wrinkle exists because of the specific circumstances of this case, however. Petitioner explains in the response to the NOSC that on May 9, 2023, he filed a timely notice of appeal from the state district court's order denying relief in the second K.S.A. 60-1507 proceeding. (Doc. 5, p. 2; Doc. 5-1, p. 1.) But as noted in the NOSC, the public website for the KCOA does not indicate that any appeal has been *docketed*. Kansas Supreme Court Rules 2.04 and 2.041 set forth some of the state rules for docketing an appeal and the circumstances under which a motion to docket appeal out of time may be filed, and it appears that the time in which Petitioner may

timely docket his appeal is quickly running out.

The status of Petitioner's state-court proceedings matters to this federal habeas action because "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *See Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

From the information now before the Court, it appears that several of the claims in this federal habeas action have not been exhausted. This results in a "mixed petition," which means that it contains exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims. Although federal courts generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies," *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted), there are other options, one of which is to stay the petition and hold it in abeyance while the petitioner exhausts state-court remedies. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

It appears that Petitioner is attempting to present at least some of those claims through the K.S.A. 60-1507 proceedings in which he asserts his intention to appeal. Thus, those claims may yet be exhausted. But Petitioner has not yet docketed his appeal and, as noted above, the period in which he may timely do so is running. Although the Rules of the Kansas Supreme Court allow for

docketing an appeal out of time, it is not a given that Petitioner would be allowed to do so and this Court will not predict the state courts' future rulings on currently hypothetical motions. Rather, because the resolution of the state-court proceedings may determine whether the issues Petitioner presents in his § 2254 petition are properly before this Court, the Court will delay the initial screening of this matter and direct Petitioner to provide further information on his efforts to appeal.

Petitioner is directed to file a written response to this order within 10 days of docketing his state-court appeal or, at the latest, on or before August 31, 2023. The response should advise the Court whether Petitioner has docketed his state-court appeal and, if so, provide the case number assigned to that appeal. If Petitioner has not yet docketed his state-court appeal by the time the response to this Court is due, the response should set forth the reasons for the delay and the steps Petitioner has taken toward docketing his state-court appeal. Petitioner must file his response within 10 days of receiving confirmation of docketing of the state-court appeal or, at the latest, on or before August 31, 2023.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including August 31, 2023, in which to file a written status report containing the information detailed above, after which the Court will issue further orders as necessary.

**IT IS FURTHER ORDERED THAT** the motion to proceed in forma pauperis (Doc. 2) is denied as moot since Petitioner has now submitted the filing fee.

**IT IS SO ORDERED.**

DATED:   This 10th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge