IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARYL ARMSTRONG, JR.,

                **Petitioner,**

     v.                                CASE NO. 23-3141-JWL

DON LANGFORD,

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Daryl Armstrong, Jr. It comes before the Court on Petitioner's status report (Doc. 7), filed in response to the Court's Memorandum and Order (M&O) (Doc. 6) regarding the docketing of his appeal. The M&O pointed out that as long as Petitioner's 2023 K.S.A. 60-1507 motion was "properly filed" and related "to the pertinent judgment or claim" challenged in this federal habeas action, its filing paused the AEDPA statute of limitations, making this action timely. The M&O further noted, however, that although Petitioner appears to have timely filed a timely notice of appeal from the state district court's order denying relief in the 2023 K.S.A. 60-1507 proceeding, it does not appear that any appeal has been *docketed*.

This is important because a federal court such as this one generally cannot consider the issues raised by a state prisoner in a federal habeas petition unless the issues are first properly exhausted in the state courts. Exhaustion usually requires presenting the very issues in the federal habeas petition to the appropriate Kansas state appellate court. Some of the issues raised in Petitioner's federal habeas petition have not yet been exhausted in the state courts.

It appears that Petitioner is attempting to present at least some of the currently unexhausted

1

claims through the 2023 K.S.A. 60-1507 proceedings, so those claims may yet be exhausted. But in order to raise the issues to the Kansas Court of Appeals, he must docket an appeal, which he has not yet done. As the M&O noted, the time in which an appeal may be docketed is set forth under Kansas law and, although the Rules of the Kansas Supreme Court allow for docketing an appeal out of time, it is not a given that Petitioner would be allowed to do so.

Thus, on July 10, 2023, this Court issued the M&O directing Petitioner to file a written response to this order within 10 days of docketing his state-court appeal or, at the latest, on or before August 31, 2023. The M&O instructed:

> The response should advise the Court whether Petitioner has docketed his state-court appeal and, if so, provide the case number assigned to that appeal. If Petitioner has not yet docketed his state-court appeal by the time the response to this Court is due, the response should set forth the reasons for the delay and the steps Petitioner has taken toward docketing his state-court appeal. Petitioner must file his response within 10 days of receiving confirmation of docketing of the state-court appeal or, at the latest, on or before August 31, 2023.

Petitioner filed a status report, explaining the procedural history of his criminal case, his first K.S.A. 60-1507 motion, and the 2023 K.S.A. 60-1507 motion. (Doc. 7.) He has attached a case summary ("ROA report") obtained from the state district court "showing when [the appeal] was filed and when [Petitioner] ask[ed] for appointment of counsel." *Id.* The summary reflects that Petitioner filed a notice of appeal on May 15, 2023 and a motion to appoint counsel on July 10, 2023. (Doc. 7-1.)

This Court will continue these federal habeas proceedings to allow time for the state district court to resolve the currently pending motion for appointment of counsel. Petitioner is directed to inform this Court by written status report within 10 days of receiving notice of the state district court ruling on his motion for appointment of appellate counsel. If Petitioner has not received notice of the state district court ruling on his motion by September 29, 2023, he is directed to file

on or before October 30, 2023 a written status report with this Court detailing any inquiries he has made to the state district court regarding the status of the motion to appoint counsel. At that time, this Court will issue further orders as necessary. If Petitioner fails to file a written status report with this Court on or before October 30, 2023 with the required information regarding the progress of his state-court proceedings, this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including October 30, 2023, in which to file a written status report containing the information detailed above, after which the Court will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 29th day of August, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge