IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARYL ARMSTRONG, JR.,

            **Petitioner,**

v.                                 CASE NO. 23-3141-JWL

DON LANGFORD,

            **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Daryl Armstrong, Jr. It is currently stayed pending the completion of related state court proceedings. It comes now before the Court on Petitioner's most recent status reports. (Docs. 15 and 16.) The Court enters this order to clarify the status of this matter.

### Background

In July 2014, a jury in Saline County, Kansas convicted Petitioner of multiple felonies and he was sentenced in October 2014. (Doc. 6, p. 1.) The state court case number assigned to the criminal proceedings was 11 CR 1297. (Doc. 1, p. 1.) Petitioner pursued a direct appeal, but the Kansas Court of Appeals (KCOA) affirmed the convictions and sentences and the Kansas Supreme Court (KSC) denied Petitioner's petition for review in 2017. (Doc. 6, p. 1-2.) In 2018, Petitioner filed a motion seeking state habeas corpus relief under K.S.A. 60-1507. (Doc. 1, p. 4.) The state court case number assigned to this 60-1507 proceeding was 18 CV 148. *Id.* The state district court denied the motion and Petitioner appealed, but the KCOA affirmed the denial and, in October 2022, the KSC denied the petition for review.

1

In April 2023, Petitioner filed a second K.S.A. 60-1507 motion[1] in the state district court. (*See* Doc. 5, p. 1-3.) The state court case number assigned to this 60-1507 proceeding was 23 CV 66. In an order dated April 21, 2023, the state district court denied the motion as successive and conclusory. Petitioner filed a notice of appeal from the denial. (Doc. 7.)

On June 15, 2023, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On July 10, 2023, after receiving more information from Petitioner regarding the timeliness of this matter, this Court issued an order in which it recognized that "as long as the second K.S.A. 60-1507 motion"—case number 23 CV 66—"was 'properly filed' and related 'to the pertinent judgment or claim' challenged in this federal habeas action, the filing of the [second] K.S.A. 60-1507 motion paused the [federal habeas] statute of limitations." (Doc. 6, p. 3.) In addition, this Court explained that Petitioner has not yet exhausted in the state courts some of the arguments now made in his federal habeas petition. *Id.* at 4.

The unexhausted arguments, however, could potentially be presented—and perhaps exhausted—in the anticipated appeal in case number 23 CV 66, the outcome of that appeal could determine whether this Court could consider the merits of all of the claims in Petitioner's petition for federal habeas relief. *Id.* at 4. This Court also noted, however, that it did not appear an appeal from the denial in the second K.S.A. 60-1507 motion had ever been *docketed*, which requires action beyond filing a notice of appeal with the state district court. *Id.* at 3-4. Thus, the Court directed Petitioner to file a status report on the docketing of that appeal. *Id.* at 4-5.

---

[1] Petitioner has previously expressed confusion over the state district court referring to this proceeding as a "second 60-1507" when Petitioner intended it to be "an appeal for ineffective assistance of appellate counsel" who represented him in his "original" 60-1507. (*See* Doc. 14, p. 1-2.) Although this Court will not opine on the state district court's intent, it appears that when a litigant challenges the effectiveness of an attorney who represented him in a previous K.S.A. 60-1507 proceeding, the state courts often refer to that as a "second 60-1507 motion" rather than an appeal of the first K.S.A. 60-1507 proceeding. *See Rowell v. State*, 60 Kan. App. 2d 235, 236 (2021); *see also Drennan v. State*, 315 Kan. 228, 230 (2022) ("In *Rowell*, the Court of Appeals allowed for an extension of the one-year time limitation on a second 60-1507 motion to permit the defendant to challenge the effectiveness of his counsel for his first 60-1507 motion.").

Petitioner's next status report, filed on August 28, 2023, advised this Court that he had asked the state district court to appoint counsel in the second K.S.A. 60-1507 proceeding. (Docs. 7 and 7-1.) This Court continued these federal habeas proceedings to allow time for the state district court to rule on the motion to appoint counsel. (Doc. 8.) In a status report filed on December 20, 2023, Petitioner informed this Court that he was still awaiting a ruling from the state district court on the motion to appoint counsel. (Doc. 11, p. 1.) He also informed this Court that in early December 2023, he had filed in the state district court "[a] petition of 'Actual Innocence under the Statutory authority of [K.S.A.] 60-1507(f)(2)(A); Amending his previously filed [K.S.A.] 60-1507. [*sic*]" (Doc. 11, p. 1-2.) This Court will hereinafter refer to this petition as "the actual innocence petition." Petitioner referred to the actual innocence petition as an "amended petition," *id.*, which this Court understood to mean that the actual innocence petition had been filed in case number 23 CV 66.

On January 11, 2024, Petitioner filed a status report with this Court advising that the state district court had appointed counsel to represent him in the appeal related to case number 23 CV 66. (Doc. 14, p. 1.) Thus, this Court stayed these proceedings until the completion of that appeal. (Doc. 15.) The order stated, in relevant part:

> Petitioner is directed to inform this Court by written status report within 10 days of receiving notice of an appeal from case SA-2023-000066 being docketed in the Kansas appellate courts. The status report should include the case number assigned to the appeal. If Petitioner has not received notice that his appeal has been docketed on or before April 15, 2024, he is directed to file on or before April 30, 2024 a written status report with this Court setting forth any relevant details about the progress of the state court proceedings. At that time, this Court will issue further orders as necessary.

(Doc. 15, p. 1-2.)

Petitioner filed a status report on February 2, 2024, in which he reminded this Court that he had filed the actual innocence petition in December 2023. (Doc. 16, p. 2.) Petitioner had learned

3

that the state district court did not receive the actual innocence petition until January 26, 2024. *Id.* Petitioner attached to his status report a copy of a January 29, 2024 order from the state district court dismissing the actual innocence petition. (Doc. 16-2.)

The order of dismissal makes clear that the actual innocence petition was filed in Petitioner's *criminal* case—number 11 CR 1297—rather than his second K.S.A. 60-1507 proceeding—number 23 CV 66. The state district court dismissed the petition as improperly filed and because "the district court does not have jurisdiction to address the Petition while another K.S.A. § 60-1507 pleading Mr. Armstrong filed arising from the same underlying criminal case is pending appeal. Specifically, Saline County District Court case 2023 CV 66 is pending appeal." *Id.* at 2-3. Petitioner filed a "formal notice of appeal" from that order—again, in his criminal case— in February 2024. *Id.* at 5-6. On March 5, 2024, Petitioner filed another status report in this Court (Doc. 17), in which he explains to this Court why he believes the denial was erroneous and he asks this Court "to review the asserted facts involved here in this case in chief." (Doc. 17, p. 1-3.)

## Current Status

This federal habeas matter is not the proper avenue for Petitioner to seek review of whether the state district court erred in dismissing the petition he filed in his criminal case in December 2023. Petitioner has filed a notice of appeal from that dismissal in the state district court and may choose to seek review of the dismissal in the state appellate courts.

This matter was stayed because Petitioner is pursuing an appeal of the denial of the K.S.A. 60-1507 motion that was assigned case number 23 CV 66, an appeal through which Petitioner may be able to exhaust some of the currently unexhausted claims in his federal habeas petition filed with this Court. This Court has reviewed the publicly available state district court records, which reflect that the appeal from Saline County case number 23 CV 66 has been docketed in the Kansas

Court of Appeals (KCOA) as case number 127,443. See attached. On April 25, 2024, the KCOA remanded the matter to the district court for the limited purpose of appointing substitute counsel. *Id.* The remand order asked the state district court "to transmit to the Clerk of the Appellate Courts by May 28, 2024, an order of appointment of substitute counsel." *Id.*

If Petitioner wishes to clarify any of the procedural history set forth in this order, he may file a written notice doing so on or before June 5, 2024. If Petitioner agrees with this Court's recitation of the relevant events that have led to this point, he need not file a written notice. In addition, Petitioner is directed to file a written report with this Court on or before July 1, 2024 advising this Court of the status of appeal number 127,443.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including June 5, 2024, in which to file a written notice regarding any of the facts set forth in this order he wishes to clarify. If Petitioner agrees with the Court's recitation of the facts, he need not file a notice. Petitioner is also ordered to file a written status report on or before July 1, 2024 advising this Court of the status of the related state court appeal.

**IT IS SO ORDERED.**

DATED:   This 2nd day of May, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5