**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DARYL ARMSTRONG, JR.,**

**Petitioner,**

v.                                                              **CASE NO. 23-3141-JWL**

**DON LANGFORD,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Daryl Armstrong, Jr., a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. In July 2014, a jury in Saline County, Kansas convicted Petitioner of four counts of aggravated indecent liberties and two counts of aggravated sodomy, which are off-grid felonies, and one count each of indecent liberties and sodomy, which are on-grid felonies. (Doc. 1, p. 1.) Later that year, he was sentenced to life in prison without the possibility of parole for 25 years for each of the six off-grid offenses plus a total of 98 months in prison for the on-grid offenses, to be served consecutively. *Id.*; *See also State v. Armstrong*, 2016 WL 3960171, *1 (Kan. Ct. App. July 22, 2016) (unpublished) (*Armstrong I*), *rev. denied* Sept. 28, 2017. Petitioner pursued a direct appeal and in July 2016, the Kansas Court of Appeals ("KCOA") affirmed Petitioner's convictions and sentences. *Id.* at *6; (Doc. 1, p. 2). The Kansas Supreme Court ("KSC") denied Petitioner's petition for review in September 2017. *Id.*

On July 13, 2018, Petitioner mailed to Saline County District Court a motion for state habeas corpus relief under K.S.A. 60-1507. (Doc. 1, p. 4.) The state district court denied habeas relief and, after Petitioner appealed, the KCOA affirmed the denial in an opinion issued February

1

18, 2022. *Armstrong v. State*, 2022 WL 496882, *1 (Kan. Ct. App. Feb. 18, 2022) (unpublished) (*Armstrong II*), *rev. denied* Oct. 28, 2022. The KSC denied Petitioner's petition for review in October 2022.

On April 10, 2023, Petitioner filed in Saline County District Court a second K.S.A. 60-1507 motion. *See Armstrong v. State*, 2025 WL 2886591, *1 (Kan. Ct. App. Oct. 10, 2025) (unpublished) (*Armstrong III*). The district court summarily denied the motion 11 days later, finding it was successive and contained only conclusory arguments. *Id.* Petitioner timely filed a notice of appeal. *Id.*

On June 19, 2023, before Petitioner docketed an appeal in the KCOA, he filed in this Court the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) Shortly thereafter, he paid the filing fee. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." When the Court began the Rule 4 review in this case, it discovered that the information before it reflected that "several of the claims in this federal habeas action have not been exhausted." (*See* Doc. 6, p. 4.) Because a potential avenue for exhaustion remained—the appeal from the denial of the second K.S.A. 60-1507 motion—the Court sought additional information from Petitioner regarding his efforts and intent to docket that appeal. (Doc. 6.)

In January 2024, after the state district court appointed counsel to assist Petitioner in pursuing the relevant appeal, this Court "stay[ed] this federal habeas matter until the completion of the state court proceedings." (Doc. 15, p. 1.) Petitioner thereafter filed regular status reports with this Court, as noted above. The most recent status report indicates that the state-court

proceedings have concluded, and the publicly available information on the Kansas Judicial Branch's district court records portal reflects that a mandate issued in the relevant appeal on November 19, 2025. *See Armstrong v. State*, Case No. SA-2023-CV-000066, entry dated Dec. 1, 2025, available at https://casesearch.kscourts.gov. Thus, the Court will lift the stay of this matter.

The Court has resumed the required Rule 4 review of the petition in this matter (Doc. 1) and concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR limited to addressing the affirmative defense of failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b). The PAR will be due on or before May 26, 2026.

If Respondent does not intend to raise exhaustion as an affirmative defense in this matter or with respect to a particular ground asserted by Petitioner in this matter, Respondent shall notify the Court of that decision in writing in the PAR. The PAR should not address the merits of the asserted grounds for relief. If this case proceeds past the Rule 4 review, Respondent will at that time be ordered to submit a fully developed answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent may, in that answer, argue the merits of the asserted grounds for relief. At this point in time, the Court is focused on determining whether a failure to properly exhaust should bar this Court's consideration of the merits of any of the claims asserted in the petition.

Upon the filing of the PAR, Petitioner will have until June 26, 2026 to submit a written reply to the PAR. In that reply, he may provide any information or argument that may be relevant to any defenses identified in the PAR. Once Petitioner files his reply or the time allotted to do so passes, the Court will resume the Rule 4 review of this matter and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that the stay of this matter is lifted.

**IT IS FURTHER ORDERED** that Respondent is granted until and including May 26, 2026 to file a Pre-Answer Response that complies with this order. Petitioner is granted until and including June 26, 2026 to file a reply to the Pre-Answer Response. The clerk shall transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 24th day of March, 2026, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge