FILED
U.S. District Court
District of Kansas
09/08/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DARYL ARMSTRONG, JR.**

**Petitioner,**

**v.** **CASE NO. 23-3141-JWL**

**DON LANGFORD,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed in June 2023 pursuant to 28 U.S.C. § 2254 by Petitioner Daryl Armstrong, Jr., a state prisoner currently incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. (Doc. 1.) In January 2024, the Court stayed this matter and held it in abeyance pending the completion of related state-court proceedings under K.S.A. 60-1507. (Doc. 15.) When the state-court proceedings became final, this Court in March 2026 lifted the stay of this matter and ordered Respondent Don Langford to file a limited Pre-Answer Response ("PAR") addressing the affirmative defenses of exhaustion and procedural default. (Doc. 36.) After obtaining one extension of the deadline, Respondent timely filed his PAR on June 23, 2026, along with the relevant state court records. (Docs. 39 and 40). Petitioner was granted until and including August 28, 2026 to file a reply to the PAR if he wished (*See* Doc. 38), but that deadline has now passed without Petitioner filing a reply. As explained below, the Court agrees with Respondent that it cannot consider the merits of most of Petitioner's asserted grounds for relief.

### Background

Petitioner is currently serving a lengthy prison sentence imposed after a jury in Saline County, Kansas convicted him of multiple crimes. (*See* Doc. 18, p. 1.) Petitioner pursued a direct

appeal, but the Kansas Court of Appeals ("KCOA") affirmed the convictions and sentences and the Kansas Supreme Court ("KSC") denied the subsequent petition for review. *State v. Armstrong*, 2016 WL 3960171, *2-4 (Kan. Ct. App. July 22, 2016) (unpublished) (*Armstrong I*), *rev. denied* Sep. 28, 2017. Petitioner then filed in state district court a motion seeking relief under K.S.A. 60-1507, which was denied. *See Armstrong v. State*, 2022 WL 496882 (Kan. Ct. App. Feb. 18, 2022) (unpublished) (*Armstrong II*), *rev. denied* Oct. 28, 2022. Petitioner appealed, but in February 2022, the KCOA affirmed and the KSC later denied the petition for review. *Id.*

In April 2023, Petitioner filed a second K.S.A. 60-1507 motion in state district court. (*See* Doc. 18, p. 2.) The district court denied the motion as successive and conclusory, and Petitioner filed a notice of appeal, after which he filed in this Court the § 2254 petition that began this federal habeas matter. *See id.* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254. The Court began the Rule 4 review and, as noted above, eventually stayed this federal habeas matter because of the ongoing state-court appeal.

In October 2025, the KCOA affirmed the dismissal of Petitioner's second K.S.A. 60-1507 motion. *Armstrong v. State*, 2025 WL 2886591 (Kan. Ct. App. Oct. 10, 2025) (unpublished) (*Armstrong III*). After Petitioner informed this Court that the appeal was complete, this Court resumed the Rule 4 review, lifted the stay of this case, and directed Respondent to file a PAR addressing whether Petitioner's federal habeas claims were properly exhausted. (Doc. 36.) Respondent timely filed the PAR (Doc. 39) and the time allotted for Petitioner to file a reply to the PAR has expired. The Court has carefully considered the PAR, the state-court records, and all other relevant documents filed in this case and is now prepared to rule on whether Petitioner has

properly exhausted the grounds for federal habeas relief he asserts in the petition.

**Exhaustion Requirements**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275.

In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76. In order to give the state appellate courts a fair opportunity to resolve his federal constitutional claims, Petitioner must have presented to the state court the same arguments on which he now bases his request for federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts

> cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

In addition to presenting the same claim to both the state appellate courts and this federal Court, Petitioner must have presented the claim to the state courts in a way that complied with adequate and independent state procedural rules. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In other words, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief," *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), or when the state's highest court has recently decided the precise legal issue that the petitioner seeks to raise in his federal habeas petition, *Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See*

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

**Discussion**

In the PAR, Respondent argues that all but one of Petitioner's arguments were not properly exhausted and this Court should therefore decline to consider the merits of the claims that were not properly exhausted. (Doc. 39, p. 4-11.) To his credit, Respondent concedes that Petitioner properly exhausted his argument, located in Ground One of the federal habeas petition, that he received unconstitutionally ineffective assistance of counsel when trial counsel failed to object to the victim's grandfather's trial testimony, which Petitioner asserts contained improper commentary about the victim's credibility. *Id.* at 6, 8. The Court has reviewed the records of the state-court proceedings and agrees that this argument was properly exhausted and passes the Rule 4 screening phase of this case.

As Respondent also contends in the PAR, however, the remaining grounds Petitioner asserts for federal habeas relief were not properly exhausted. The remaining 22 instances of ineffective assistance of counsel asserted in Ground One of the federal habeas petition were procedurally defaulted. Petitioner raised all 23 instances to the state district court in his first K.S.A. 60-1507 motion, but he did not adequately brief 22 of them in the subsequent appeal and the KCOA deemed them waived for failure to brief and did not address their merits. *See also Armstrong II*, 2022 WL 496882 at *1.

Federal courts in the Tenth Circuit have long recognized that "[f]ailure to brief is an independent and adequate state ground" that can lead a federal court to conclude an argument is procedurally defaulted. *Roeder v. Schnurr*, 2022 WL 17665073, *4 (10th Cir. Dec. 14, 2022) (unpublished); *see also Hadley v. Bruce*, 2006 WL 1675573, *5 (D. Kan. June 13, 2006) (unpublished) (finding a claim procedurally defaulted when it was deemed waived and abandoned

in state court based on a failure to brief). Moreover, as the Tenth Circuit has explained, when a petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Thus, the exhaustion of one alleged instance of ineffective assistance of counsel does not exhaust any other claim of ineffective assistance of counsel. This Court must conclude that the 22 claims of ineffective assistance of counsel that the KCOA deemed waived for failure to brief in the first K.S.A. 60-1507 appeal are procedurally defaulted.

Similarly, in Ground Two of the federal habeas petition, Petitioner asserts that his conviction violated the Fifth Amendment's protection against Double Jeopardy. (Doc. 1, p. 10.) Respondent and Petitioner agree that Petitioner raised this argument to the state district court in his first K.S.A. 60-1507 motion. (*See* Doc. 1, p. 11; Doc. 39, p. 8.) But as noted above, the KCOA found that only one claim was adequately briefed on appeal: an ineffective assistance of counsel claim. *See Armstrong II*, 2022 WL 496882, at *1 (identifying the sole claim "that he has argued" and finding that "the other claims have been waived on appeal"). Thus, for the same reasons as stated above with respect to the majority of the arguments raised in Ground One, the Court finds that Ground Two was procedurally defaulted.

Ground Three of the federal habeas petition asserts that Petitioner's right to a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, was violated when the state trial court admitted evidence of prior uncharged sexual acts. (Doc. 1, p. 12.) Petitioner asserts that he raised "part" of this claim in his direct appeal and "the other part" in his first K.S.A. 60-1507 motion. *Id.* Respondent agrees that on direct appeal, Petitioner challenged the admission of the evidence, but Respondent points out that the direct-appeal issue was framed as a statutory violation, not a

constitutional one. (Doc. 39, p. 9.) *See Armstrong I*, 2016 WL 3960171, at *2-4.

In his first K.S.A. 60-1507 motion, Petitioner again raised an issue involving the evidence, but the claim was that his trial counsel provided unconstitutionally ineffective assistance by failing to object to its admission. The record now before the Court reflects that Petitioner never argued to the state appellate courts that the admission of this particular evidence of prior, uncharged sex acts violated his constitutional right *to a fair trial*. Thus, he failed to fairly present the argument in Ground Three to the state courts and has not properly exhausted it. *See Honie*, 58 F.4th at 1184 (noting that exhaustion requires putting the state courts "on notice of the federal constitutional claim").

When a federal habeas petition is a mixed petition, meaning that it contains exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). But there does not appear to be any available avenue by which Petitioner could now return to state court to exhaust his claim that his constitutional right to a fair trial was violated by the admission of this evidence. The proper time to argue that the admission of evidence violated Petitioner's constitutional right to a fair trial was during the direct appeal. *See Armstrong I*, 2016 WL 3960171, at *6 (addressing Petitioner's argument that the cumulative effect of certain errors denied him a fair trial).

The direct appeal became final in 2017 and, as Respondent points out, any K.S.A. 60-1507 Petitioner might file in the future would be subject to dismissal under K.S.A. 60-1507(c) as successive. *See* K.S.A. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."). Because Petitioner

failed to previously present Ground Three claim to the state courts and can no longer do so, there is an anticipatory procedural bar which prevents the federal court from addressing the merits of Ground Three. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

Ground Four of the petition asserts that the admission of propensity evidence at his trial violated the Ex Post Facto Clause of the United States Constitution. (Doc. 1, p. 13.) Petitioner and Respondent agree that Ground Four is not exhausted. *Id.* at 14-15; (Doc. 39, p. 10-11). Petitioner asserts that he raised the issue in his first K.S.A. 60-1507 motion but the state district court never ruled on it. (Doc. 1, p. 14-15.) But it is clear that Petitioner never made this argument to a Kansas appellate court and, as Respondent argues in the PAR, there no longer appears to be a procedural avenue by which Petitioner could now exhaust this argument. (Doc. 39, p. 10-11.) Thus, Ground Four is subject to an anticipatory procedural bar.

Generally speaking, when a claim was procedurally defaulted or is subject to an anticipatory procedural bar, the federal court cannot consider the merits of the claim. *See Anderson*, 476 F.3d at 1139 n.7 (addressing anticipatory procedural bar); *Banks*, 692 F.3d at 1144 (addressing procedural default). There are two scenarios in which a federal court may consider the merits of a procedurally defaulted habeas claim or a habeas claim subject to an anticipatory procedural bar: (1) when the petitioner establishes cause for the failure to properly exhaust and actual prejudice or (2) when the petitioner establishes that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

In the PAR, Respondent argues that Petitioner is unable to make either of these showings with respect to the arguments in Grounds Two, Three, Four, and 22 of the 23 instances of

ineffective assistance of counsel alleged in Ground One. (Doc. 39, p. 7-8, 11.) Although Petitioner was given the opportunity to reply to the PAR, he has not done so. And it is Petitioner's burden to show that he has exhausted his claims. Although the Court liberally construes the pro se petition filed in this case, it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, the Court concludes that it may not address the merits of any of the arguments in this matter except the claim in Ground One that Petitioner received ineffective assistance of counsel when counsel failed to object to the victim's grandfather's testimony. All claims except this will be denied with prejudice. *See Fuller v. Warden, Ark. Valley Corr. Facility*, 698 Fed. Appx. 929, 934, 943 (10th Cir. 2017) (unpublished) (declining to issue certificate of appealability where district court dismissed with prejudice procedurally defaulted claims). The Court will order Respondent to file an answer on the merits of the sole remaining ground for federal habeas relief.

**Conclusion**

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That all grounds for relief asserted in the petition (Doc. 1) except for the portion of Ground One based on trial counsel's failure to object to part of the victim's grandfather's trial testimony are **dismissed with prejudice** because they are either procedurally defaulted or barred by anticipatory procedural default and Petitioner has not made the showing required for the Court to consider the merits of claims despite this status.
2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **November 9, 2026** showing why the writ should not be granted based on the arguments in Ground One of the petition (Doc. 1) related to trial counsel's failure to object to the victim's grandfather's trial testimony.
3. That the answer should address:
   a. The necessity for an evidentiary hearing on the sole remaining ground for relief as alleged in the petition;
   b. Whether the sole remaining ground for relief is barred by a statute of limitations or any other procedural bar; and
   c. An analysis of the sole remaining ground for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings. To the extent that Respondent has already filed these records in

support of the PAR, he need not refile them.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **December 9, 2026** to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 8th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge